**MEYER v. BUCKLEY MFG. CO. et al.**

No. 13408.

District Court, N. D. Illinois, E. D.

July 16, 1936.

Threedy & Cannon and William O. Belt, all of Chicago, Ill., for plaintiff.

Wm. F. Freudenreich, of Chicago, Ill., for defendant.

HOLLY, District Judge.

This is a patent infringement suit brought by plaintiff against Buckley Manufacturing Company, a corporation, Chicago Automatic Vending Company, a corporation, Postal Confection Company, a corporation, and Patrick J. Buckley, together with certain other defendants as to whom the suit has been dismissed. The complaint charges infringement of letters patent 1,-630,195 issued to one Margolith for a vending machine and patent 1,861,384 issued to Charles Fleischer for a coin controlled switch. It is also charged infringement of another patent, but as to the latter the bill was dismissed.

The Margolith patent, 1,630,195, relates to a so-called "vending machine." The vending machine consists of a cabinet with glass walls through which the interior of the cabinet and its contents may be viewed. Inside the cabinet there is a platform upon which articles may be displayed, and a movable beam and scoop which operate in the manner of a dredging machine.

A person desiring to operate the machine may swing the beam supporting platform horizontally by means of a hand wheel so that the beam and scoop will apparently be in such a position that when the beam is extended and the scoop drops, as the result of the insertion of a coin, the scoop will light upon and grasp the article he desires and it will thereupon be delivered to him through a chute.

During the course of the trial, the machine was operated by representative of the plaintiff, small articles having been placed therein. While the theory of the patent is that the person operating the machine may with reasonable certainty obtain the article he desires, the operation of the machine during the trial showed several unsuccessful and only one successful operation. In those which I have spoken of as unsuccessful, the operator was unable to so set the device that the "clam-shell" would light upon and grasp the article. I suggested to counsel for the plaintiff that there be

further demonstrations to determine whether the machine could be so operated as to certainly pick up an article for which it had been set. Counsel declined the test with the remark that he did not think it would serve any useful purpose. That it is not the expectation of the plaintiff that the machine will deliver the article for which it is set by the operator except as a matter of luck or chance is indicated by the fact that a label attached to one of plaintiff's machines contains this legend:

"This Machine for Amusement and Exhibition Only.

"You Pay Five Cents to See It Work.

"In this miniature excavating machine the candy represents the gravel, the favor represents rocks.

"See What You Can Excavate."

Plaintiff's device therefore appears to me not to be a real vending machine. The customer puts his coin in the chute attempting to obtain some article which he may desire, but whether he will obtain it is a mere matter of luck. While, as stated above, the patent states that through the locating device the customer may so set the machine that the bucket will drop upon and grasp the article, the operation of the machine in court shows that this result is not obtained. Furthermore, the label above referred to shows that the makers of the machine know that the customer will likely not obtain the article.

The Constitution (article 1, § 8, cl. 8) authorizes Congress, "To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."

Pursuant to this provision of the Constitution, Congress has provided that any person who has invented or discovered any new and useful art, machine, or composition of matter, or any new and useful improvements thereof, not known or used by others in this country before his invention or discovery thereof, may upon payment of the fees required by law, and other due proceeding had, obtain a patent therefor. U.S. C., title 35, § 31, 35 U.S.C.A. § 31.

In my opinion, a vending machine which does not vend is not a useful machine.

The label above referred to might be taken to indicate that the machine was intended as a toy and, if a toy, it would be patentable, but in the patent it is not so described nor is such use shown. Further, that it is not intended as a toy is shown by the fact that it is used and intended to be used for the purpose of inducing patrons to believe that by depositing a coin and operating the machine he may obtain some article of more or less value. It is at most a device for playing a game of chance.

Counsel for plaintiff have cited on this question the case of Fuller v. Berger (C.C. A.) 120 F. 274, 65 L.R.A. 381, but this case does not seem to me to be in point. There the invention was one which might be legitimately used for the purpose of detecting bogus coins in a machine which contained no gambling features. Here, as the demonstration in court showed, the invention cannot be made to so operate as to be a real vending machine delivering to the customer with certainty the merchandise he may desire. I do not believe the progress of science or the useful arts will be aided by this invention.

I am, therefore, of the opinion that this patent is invalid.

■ The second patent involved in this case is that to Charles F. Fleischer for a coin controlled switch. While this device shows some novelty and perhaps a step in advance in the art, I am of the opinion that it is not patentable under the rule laid down by Mr. Justice Hand in Hazeltine Corporation v. Abrams (C.C.A.) 79 F.(2d) 329, 332, wherein Judge Hand says: "Patents do not go to patient and exhaustive experiment; they are the reward of exceptional talent."

Judge Hand's position is sustained by Paramount Publix Corp. v. American Tri-Ergon Corporation, 294 U.S. 464, 55 S.Ct. 449, 79 L.Ed. 997, and Altoona Publix Theatres v. Tri-Ergon Corporation, 294 U.S. 477, 478, 55 S.Ct. 455, 79 L.Ed. 1005.